SILLS CUMMIS & GROSS P.C.
30 Rockefeller Plaza, 29th Floor
New York, New York 10112
George R. Hirsch, Esq.
Lori K. Sapir, Esq.
Jessica R. Brand, Esq.
Tel: (212) 643-7000
Fax: (212) 643-6500

*Attorneys for Defendants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

SIGNATURE APPAREL GROUP LLC,

                      Debtor.
-----------------------------------------------------------------X
SIGNATURE APPAREL GROUP LLC,

                      Plaintiff,

      v.

ROC FASHIONS, LLC, RVC ENTERPRISES, LLC,
RUBEN AZRAK, VICTOR AZRAK and CHARLES
AZRAK,

                      Defendants.
-----------------------------------------------------------------X
ROC FASHIONS, LLC,

                      Third-Party Plaintiff,

      v.

STUDIO IP HOLDINGS, LLC,

                      Third-Party Defendant.
-----------------------------------------------------------------X

Chapter 11
Case No. 09-15378 (JMP)

Adv. Pro. No. 11-02800 (JMP)

**AMENDED ANSWER,
AFFIRMATIVE DEFENSES,
THIRD-PARTY COMPLAINT
AND JURY DEMAND**

Defendants ROC Fashions, LLC, RVC Enterprises, LLC, Ruben Azrak, Victor Azrak and Charles Azrak (the "Defendants"), by and through their counsel, Sills Cummis & Gross P.C., respond to the averments of the Complaint and assert Affirmative Defenses as follows:

1. Defendants deny the averments contained in paragraph "1" of the Complaint.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "2" of the Complaint.

3. Defendants' lacks knowledge or information sufficient to form a belief as to the averments contained in paragraph "3" of the Complaint.

4. Defendants deny the averments contained in paragraph "4" of the Complaint.

5. Defendants deny the averments contained in paragraph "5" of the Complaint.

6. Defendants deny the averments contained in paragraph "6" of the Complaint.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "7" of the Complaint.

8. Defendants deny the averments contained in paragraph "8" of the Complaint, except admit that ROC Fashions has its principal place of business at 1384 Broadway, 17th Floor, New York, New York 10018.

9. Defendants deny the averments contained in paragraph "9" of the Complaint, except admit that RVC Enterprises has its principal place of business at 1384 Broadway, 17th Floor, New York, New York 10018.

10. Defendants admit that Ruben Azrak is a resident of New York and a person with responsibility at ROC Fashion and RVC Enterprises and otherwise deny the averments contained in paragraph "10" of the Complaint.

11. Defendants admit that Victor Azrak is a resident of New York and person with responsibility at ROC Fashion and RVC Enterprises and otherwise deny the averments contained in paragraph "11" of the Complaint.

12. Defendants admit that Charles Azrak is a resident of New York and a person with responsibility at ROC Fashions and RVC Enterprises and otherwise deny the averments contained in paragraph "12" of the Complaint.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "13" of the Complaint.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "14" of the Complaint.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "15" of the Complaint.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "16" of the Complaint and respectfully refer the Court to the publicly available documents.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "17" of the Complaint and respectfully refer the Court to the publicly available documents.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "18" of the Complaint and respectfully refer the Court to the publicly available documents.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "19" of the Complaint and respectfully refer the Court to the publicly available documents.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "20" of the Complaint, except the Defendants deny that jurisdiction is properly before this Court and deny that this Court may render a final determination in this case or conduct a jury trial on any issues triable by a jury.

21. Defendants deny the averments contained in paragraph "21" of the Complaint, and refer all questions of law to the Court.

22. Defendants admit that venue is proper in this District and otherwise deny the averments of paragraph "22" of the Complaint.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "23" of the Complaint.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "24" of the Complaint except admit that Signature entered into a license agreement with Rocawear Licensing, LLC.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "25" of the Complaint except admit that Signature designed, manufactured and distributed apparel.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "26" of the Complaint.

27. Defendants deny the averments contained in paragraph "27" of the Complaint, and refer all questions of law to the Court.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "28" of the Complaint.

29. Defendants deny the averments contained in paragraph "29" of the Complaint.

30. Defendants deny the averments contained in paragraph "30" of the Complaint.

31. Defendants deny the averments contained in paragraph "31" of the Complaint.

32. Defendants deny the averments contained in paragraph "32" of the Complaint.

33. Defendants deny the averments contained in paragraph "33" of the Complaint.

34. Defendants deny the averments contained in paragraph "34" of the Complaint.

35. Defendants deny the averments contained in paragraph "35" of the Complaint.

36. Defendants deny the averments contained in paragraph "36" of the Complaint.

37. Defendants deny the averments contained in paragraph "37" of the Complaint.

38. Defendants deny the averments contained in paragraph "38" of the Complaint.

39. Defendants lack knowledge or information sufficient to form a belief as the truth of the averments contained in paragraph "39" of the Complaint.

40. In response to the averments set forth in paragraph "40" of the Complaint, the Defendants repeat, reiterate and reallege each and every assertion and denial set forth in paragraphs "1" through "39" hereinabove as though more fully set forth at length herein.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "41" of the Complaint, and refer all questions of law to the Court.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "42" of the Complaint, and refer all questions of law to the Court.

43. Defendants deny the averments contained in paragraph "43" of the Complaint.

44. Defendants deny the averments contained in paragraph "44" of the Complaint.

45. Defendants deny the averments contained in paragraph "45" of the Complaint.

46. Defendants deny the averments contained in paragraph "46" of the Complaint.

47. Defendants deny the averments contained in paragraph "47" of the Complaint.

48. In response to the averments set forth in paragraph "48" of the Complaint, the Defendants repeat, reiterate and reallege each and every assertion and denial set forth in paragraphs "1" through "47" hereinabove as though more fully set forth at length herein.

49. Defendants deny the averments contained in paragraph "49" of the Complaint.

50. Defendants deny the averments contained in paragraph "50" of the Complaint.

51. Defendants deny the averments contained in paragraph "51" of the Complaint.

52. Defendants deny the averments contained in paragraph "52" of the Complaint.

53. In response to the averments set forth in paragraph "53" of the Complaint, the Defendants repeat, reiterate and reallege each and every assertion and denial set forth in paragraphs "1" through "52" hereinabove as though more fully set forth at length herein.

54. Defendants deny the averments contained in paragraph "54" of the Complaint.

55. Defendants deny the averments contained in paragraph "55" of the Complaint.

56. Defendants deny the averments contained in paragraph "56" of the Complaint.

57. In response to the averments set forth in paragraph "57" of the Complaint, the Defendants repeat, reiterate and reallege each and every assertion and denial set forth in paragraphs "1" through "56" hereinabove as though more fully set forth at length herein.

58. Defendants deny the averments contained in paragraph "58" of the Complaint.

59. Defendants deny the averments contained in paragraph "59" of the Complaint.

60. Defendants deny the averments contained in paragraph "60" of the Complaint.

61. Defendants deny the averments contained in paragraph "61" of the Complaint.

62. Defendants deny the averments contained in paragraph "62" of the Complaint.

63. In response to the averments set forth in paragraph "63" of the Complaint, the Defendants repeat, reiterate and reallege each and every assertion and denial set forth in paragraphs "1" through "62" hereinabove as though more fully set forth at length herein.

64. Defendants deny the averments contained in paragraph "64" of the Complaint.

65. Defendants deny the averments contained in paragraph "65" of the Complaint.

66. Defendants deny the averments contained in paragraph "66" of the Complaint.

67. Defendants deny the averments contained in paragraph "67" of the Complaint.

68. Defendants deny the averments contained in paragraph "68" of the Complaint.

69. Defendants deny the averments contained in paragraph "69" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The theory behind this case is flawed and represents an attempt to use technical cleverness to obtain an unfair result. This case was commenced after a deliberately selective and incomplete investigation and is based upon misconceptions or misleading "spins." As counsel for Plaintiff knows (but fails to acknowledge in the Complaint), Iconix terminated Signature's Rocawear license because Signature had difficulty making the required payments. Signature had nothing of significant value to sell, and Defendants acted properly at all times.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrines of unclean hands and estoppel. Among other things, upon information and belief, Plaintiff's counsel was a participant in facilitating the acquisition of the ROCAWEAR business by Defendants. Counsel did so to obtain payments for their clients, the petitioning creditors. Now that counsel is wearing a different hat, counsel takes a contrary position.

### FOURTH AFFIRMATIVE DEFENSE

This action constitutes an abuse of process and is otherwise inequitable.

### FIFTH AFFIRMATIVE DEFENSE

Defendants are entitled to set-off against any amount for which they may be found liable all amounts they paid to or for the benefit, direct or indirect, of the bankruptcy estate and/or the creditors of such estate and their affiliates.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff may not recover twice for the same alleged loss, and, to the extent Plaintiff obtains a judgment for that loss against any other party, Defendants may be entitled to be equitably subrogated to that judgment.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from contending that Defendants caused Signature's loss of its Rocawear license.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from contending that Signature's Rocawear license was not properly terminated pre-petition by the licensor.

## NINTH AFFIRMATIVE DEFENSE

Numerous averments in the Complaint violate Fed. R. Bankr. P. 9011, including, but not limited to, averments contending that the Rocawear license held by Signature was "transferred" to Defendants. Counsel knows that there was no such "transfer."

## TENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend this Answer to add, delete and/or modify defenses based on legal theories, facts and circumstances that may be learned through discovery and/or further analysis.

**WHEREFORE**, Defendants demand judgment in their favor dismissing the Complaint with prejudice, costs of the suit, attorney fees and expenses to the extent permitted by law, and such further relief as the Court deems just and equitable.

## THIRD-PARTY COMPLAINT

Third-Party Plaintiff ROC Fashions, LLC ("ROC") for its Third-Party Complaint against Third-Party Defendant Studio IP Holdings, LLC ("Studio IP") states:

### Parties And Jurisdiction

1. ROC is a New York limited liability company.

2. Studio IP is a Delaware limited liability company.

3. This Court has jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. §1367(a).

### First Claim For Relief

4. In or about September 2009, ROC, as licensee, entered into a License Agreement (the "License Agreement") with Studio IP, as licensor, regarding the use of the ROCAWEAR trademark in connection with "junior's and plus size sportswear in all fabrications."

9

5. In connection with the License Agreement, and specifically including in Section 26(c) of the License Agreement, Studio IP represented and warranted to ROC, among other things, as follows:

> (c) Licensor represents and warrants that it is the sole and exclusive owner of the Trademarks in the Territory free and clear of any and all liens, claims, interests, licenses or encumbrances and possesses all right, power and authority to enter into this Agreement and to grant to Licensee the rights conferred hereunder to use and exploit the Trademarks as provided herein. Licensor further covenants and agrees to exert commercially reasonable efforts to obtain, preserve and defend the Trademarks against any and all adverse, competing or conflicting claims, actions or proceedings or otherwise seeking to dilute the Trademarks or otherwise adversely affecting or frustrating Licensee's rights and benefits thereto granted under this Agreement. Without in any manner limiting the foregoing, Licensor represents and warrants that the License Agreement by and between Licensor and Signature Apparel Group dated as of June 1, 2004, as amended (the "Signature License Agreement") has been effectively terminated by Licensor and is of no further force and effect.

6. The Complaint in this action filed by the Plaintiff Signature Apparel Group, LLC ("Signature") against ROC and related parties, is an "adverse, competing or conflicting claim, action or proceeding" or one "otherwise adversely affecting or frustrating License's rights and benefits" granted under the License Agreement.

7. By reason of Section 26(c), Studio IP is obligated to "exert commercially reasonable efforts to...defend" ROC against the claims asserted in the Complaint.

### Second Claim For Relief

8. ROC repeats the averments above.

9. Paragraph 26(c) includes the specific representation and warranty that:

> the License Agreement by and between Licensor and Signature Apparel Group dated as of June 1, 2004, as amended (the "Signature License Agreement") has been effectively terminated by Licensor and is of no further force and effect.

10

10. In the Complaint, Signature alleges that Signature's License Agreement with Studio IP was transferred to ROC as opposed to its having been effectively terminated.

11. If Signature is correct, then Studio IP has breached its representations and warranties to ROC and is liable for all damages caused thereby, including, but not limited to, attorneys' fees and expenses and any losses, costs or other damages resulting from such allegations.

### Third Claim For Relief

12. ROC repeats the averments above.

13. In entering into the License Agreement, ROC relied upon the representation and warranty contained in Section 26(c) that "the License Agreement by and between Licensor and Signature Apparel Group dated as of June 1, 2004…has been effectively terminated and is of no further force or effect."

14. If the Signature License Agreement had not been "effectively terminated" when the License Agreement was executed, then there was either a mutual mistake of fact, a material breach by Studio IP of its representations and warranties, and/or material misrepresentation by Studio IP entitling ROC to rescind the License Agreement and/or to receive damages, including rescissory damages.

### Fourth Claim For Relief

15. ROC repeats the averments above.

16. In Section 21.2(i) and (iv) of the License Agreement, Studio IP promised to:

> indemnify, and shall defend, save and hold harmless Licensee, and all of its affiliated companies and entities, and all of their respective officers, directors, shareholders, equity holders, employees, attorneys, representatives, agents, successors and assigns (collectively, "Licensee Indemnitees"), from and against any and all liabilities, claims, causes of action, suits, losses, harm, damages, amounts paid in settlement and expenses (including,

without limitation, reasonable attorneys' fees and all expenses) (a) for which any of the Licensee Indemnities may become liable or may incur or be compelled to pay in any action or claim against them or any of them, or (b) which any of the Licensee Indemnities may suffer or incur, by reason of, arising out of, related to, or in connection with any of the following:

(i)    the breach by Licensor of any representation, warranty, obligation, covenant or agreement set forth herein

\* \* \* \* \* \*

(iv)   any claim or allegation that Signature Apparel Group's license agreement was not properly and effectively terminated.

17.    By reason of the foregoing, Studio IP is obligated to provide the indemnification described in paragraph 16 above.

**WHEREFORE,** Third-Party Plaintiff demands judgment against Third-Party Defendant as follows:

(a)    On the First Claim For Relief, ordering and directing Third-Party Defendant to defend Third-Party Plaintiff against the claims asserted in the Complaint.

(b)    On the Second Claim For Relief, awarding to Third-Party Plaintiff all damages, losses and costs, including but not limited to attorneys' fees and expenses, resulting from Third-Party Defendants' breach of its representations and warranties.

(c)    On the Third Claim For Relief, ordering rescission of the License Agreement, including return of all consideration paid by Third-Party Plaintiff therefor, and/or awarding to Third-Party Plaintiff damages, including rescissory damages.

(d)    On the Fourth Claim For Relief, ordering and directing Third-Party Defendant to provide the indemnification described in paragraph 16 above.

(e)    On all claims for relief, awarding to Third-Party Plaintiffs:

(i)    attorneys' fees and costs to the extent provided by law;

(ii)   interest and costs of suit, and;

(iii)  such further relief as the Court deems is just and equitable.

Dated: May 23, 2012                                     **SILLS CUMMIS & GROSS P.C.**

By: _____
George R. Hirsch, Esq.
Lori K. Sapir, Esq.
Jessica R. Brand, Esq.
30 Rockefeller Plaza, 29th Floor
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500

*Attorneys for Defendants*

## JURY DEMAND

Defendants hereby demand trial by jury of all issues in this case on so triable.

Dated: May 23, 2012                                     **SILLS CUMMIS & GROSS P.C.**

By: _____
George R. Hirsch, Esq.
Lori K. Sapir, Esq.
Jessica R. Brand, Esq.
30 Rockefeller Plaza, 29th Floor
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500

*Attorneys for Defendants*