```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:
                                                              Chapter 11

SIGNATURE APPAREL GROUP, LLC,                                 Case No. 09-15378-reg


                           Debtor
------------------------------------------------------------x
SIGNATURE APPAREL GROUP, LLC,                                 Adv. Proc. No. 11-02800-reg

                           Plaintiff
         v.

JOESEPH LAURITA, CHRISTOPHER LAURITA,
NEW STAR GROUP, LLC, ROC FASHIONS, LLC,
RVC ENTERPRISES, LLC, RUBEN AZRAK,
VICTOR AZRAK, CHARALES AZARAK,
ICONIX BRAND GROUP, INC., and
STUDIO IP HOLDINGS, LLC,

                           Defendants
------------------------------------------------------------x
ROC FASHIONS, LLC,

                           Third-Party Plaintiff
         v.

STUDIO IP HOLDINGS, LLC,

                           Third-Party Defendant
------------------------------------------------------------x
```

## MEMORANDUM DECISION DENYING MOTION
## BY CHRISTOPHER LAURITA FOR A PRELIMINARY INJUNCTION

Through his motion (the "Motion), Christopher Laurita seeks a preliminary

injunction enjoining Signature Apparel Group, LLC (the "Debtor" or "Signature") and

Anthony Labrosciano (the "Responsible Person") from paying any further post-confirmation professional fees and expenses until the conclusion of this adversary proceeding and until any potential claim of Laurita for indemnification for expenses incurred in connection with this action is adjudicated. *See* Motion for Preliminary Injunction, ECF Doc. # 221.[1]

In support of the Motion, Laurita includes certifications by Christopher Laurita (the "Laurita Certification"), ECF Doc. #221 Part 2, and Andrew Pincus (the "Laurita Certification.), ECF Doc. #221 Part 2, and various supporting exhibits. [ECF Doc. # 221, Exhs. A-L.]

The Debtor opposed the Motion ("Objection"). ECF Doc. # 228. Third-party defendant Studio IP Holdings, LLC, an affiliate of Iconix Brand Group, ("Iconix") filed a reply to the Motion, jointing in the request for an injunction but taking no position on the validity of any prospective claim of Laurita for indemnification by Signature for fees connected to this adversary proceeding (the " Iconix Reply"). ECF. Doc. # 227. In response to the Objection, Laurita submitted a reply in further support (the "Reply Memorandum of Law"). ECF Doc. # 231.

The matters raised in the Motion do not satisfy the "case or controversy" requirement under Article III of the United States Constitution, as they are not ripe for consideration by the Court. The Responsible Person's law firm has agreed to maintain the *status quo* absent leave of the Court, and Laurita will not suffer any hardship if the Court does not entertain the issues raised in the Motion. Therefore, and for the reasons more fully set forth below, the Motion is denied.

**JURISDICTION**

---

[1] Except as otherwise noted, references to the docket refer to the adversary proceeding.

The United States District Court for the Southern District of New York has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This Court exercises authority over the proceeding pursuant to 28 U.S.C. § 157 and the amended standing order of reference signed by Chief District Judge Loretta A. Preska on January 31, 2012. This matter is a core proceeding. *See AHT Corp. v. Bioshield Technologies, Inc. (In re AHT Corp.)*, 265 B.R. 379, 386 (Bankr. S.D.N.Y. 2001) (causes of action based upon postpetition conduct are "necessarily and by definition" core proceedings).

## BACKGROUND

*The Underlying Bankruptcy Case*

On September 4, 2009 (the "Petition Date"), an involuntary chapter 7 petition brought was filed against the Debtor by Olshan Frome Wolosky, LLP ("Olshan") on behalf of Havestway (China) Limited, Talful Ltd. and Hitch and Trail, Inc. (the "Petitioning Creditors"). Case No. 09-15378-jmp, ECF No. 1.

On November 13, 2009, the Court granted the Debtor's motion to convert the case to chapter 11. Case No. 09-15378-jmp, ECF No. 30. On December 3, 2009, the United States Trustee noticed the appointment of the Official Committee of Unsecured Creditors (the "Committee"). Case No. 09-15378-jmp, ECF No. 45.

A joint plan of liquidation proposed by the Debtor and the Committee was confirmed by order dated July 1, 2010 effective as of August 5, 2010 (the "Plan"). Case No. 09-15378-jmp, ECF Nos. 131 & 138. The Plan provided that Anthony Labrosciano serve as Responsible Person, acting as the sole officer and director of the Debtor and

authorized, *inter alia*, to pursue litigation claims for the benefit of the unsecured creditors. Case No. 09-15378, ECF No. 107 Art. VI.

*This Adversary Proceeding*

As set forth in the Plan, The Responsible Party represented by Olshan commenced litigation against a number of parties, including the subject actions. In November, 2010, Signature brought this adversary proceeding against ROC Fashions, RVC Enterprises, LLC, Ruben Azrak, Victor Azrak and Charles Azrak. The complaint alleged a variety of causes of action relating to the termination and transfer of rights under a license agreement between Signature and Iconix (the "Rocawear License") and challenged payments made by the ROC Defendants to Signature's former executives, Joseph Laurita and Christopher Laurita. ECF No. 1. Subsequently, ROC Fashions named Iconix as a third-party defendant. ECF No. 23. Signature had also commenced a separate adversary proceeding against Joseph Laurita and Christopher Laurita alleging misappropriation and dissipation of corporate assets (the "Laurita Adversary Proceeding"). Case No. 10-04207, ECF No. 1.

In March, 2010, Signature amended the ROC Complaint to combine claims from the Laurita Adversary Proceeding and the ROC Adversary Proceeding and to make direct claims against Iconix and related parties to recover damages associated with the loss of the Rocawear License. *See* First Amended Complaint [ECF No. 89].

*The Motion for a Preliminary Injunction*

In his papers Laurita acknowledges that the Court has already directed the Responsible Person not to pay any fees to Olshan, pending further application to the

Court. Despite this direction and Olshan's on-the-record agreement, Laurita asserts that the future prospect of a fee application would work an irreparable harm if the application is made either prior to the adjudication of this proceeding or if Laurita, at some future point in time, seeks indemnification by Signature for the legal fees. According to Laurita, the elements necessary for a preliminary injunction—the prospect of irreparable harm and both a likelihood of success on the merits and meritorious grounds for litigation combined with a balance of the equities in favor of Laurita questions—are all presently extant.

Laurita argues that Signature's Operating Agreement survived plan confirmation and entitles him, as a former officer of the Debtor, to indemnification of his present and future legal expenses in connection with this proceeding. Acknowledging the rule that a bare entitlement to a money judgment is insufficient to demonstrate irreparable harm, Laurita argues that the finite nature of the Signature's estate—funded by a liquidating plan and currently holding only funds of $1,183,594.20 against approximately $55 million in claims—establishes an exception to the rule, in the prospect of irreparable harm from any further payment of legal fees by the Responsible Person.

In his argument that such a future indemnification claim would succeed—meeting the Operating Agreement's requirements that Laurita's conduct be "without reckless disregard and without commission of willful misconduct" and Limited Liability Company Law of New York § 420's requirements that the conduct not be in "bad faith" and not result in an unjustified personal gain—Laurita recaps the relevant, intent-related portions of his arguments made thus far in the proceedings.

As for the balance-of-hardship argument, Laurita asserts that the potential claim for indemnification will be a "post-effective date" claim, entitled to payment on par with all other post-effective date estate expenses, including Olshan's fees, and, as a result Laurita faces the hardship that significant post-effective date funds have already been paid without provision for Laurita's potential claim.

*Signature's Response*

Signature argues in response that because Laurita has yet to assert a claim for indemnification, the Motion fails to present a justiciable controversy. Signature asserts that, even if Laurita brought a formal claim for indemnification, he would be unable to meet the requirement for a preliminary injunction because of a failure to demonstrate irreparable harm, a likelihood of success on the merits or a favorable balance of hardships, a supporting public policy argument, or the satisfaction of Fed. R. Civ. P. 65's bonding requirement. Finally, Signature implies that the Court could not grant an injunction barring the payment of post-effective date fees because the Plan provides that the authority to pay Signature's post-effective date professional fees lies solely in the discretion of the Responsible Person and is not subject to review by the Court.

***Discussion***

Because the Motion is based on a hypothetical indemnification interest and Laurita concedes that the *status quo* essentially includes the relief sought—the Court's prior direction that Signature not pay professional fees without Court approval—the Motion fails to properly present a case or controversy for proper judicial review.

"Federal Courts are courts of limited jurisdiction . . . and Article III of the United States Constitution limits our jurisdiction to actual cases or controversies." *Marvel Worldwide, Inc. v. Kirby*, 756 F. Supp.2d 461, 468 (S.D.N.Y. 2010 (*citing Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.2d 42, 46 (2d Cir. 2002) and *Valley Forge Christian Coll. v. Americans United for Separation*, 545 U.S. 464, 471 (1982)).

Article III standing requires 1) that the plaintiff "'ha[s] suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical,'" (2) the injury be "'fairly traceable to the challenged action of the defendant,'" and (3) it "'be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Hedges v. Obama*, 724 F.3d 170, 188 (2d Cir. 2013) (other citations omitted).

The ripeness doctrine precludes a court "from entertaining claims based on 'contingent future events' that may not occur as anticipated or at all." *Marvel Worldwide, Inc. v. Kirby*, 756 F. Supp.2d at 468 (citing *City of New Rochelle v. Town of Mamaroneck*, 111 F. Supp.2d 353, 359 (S.D.N.Y. 2000) (other citations omitted). The test for determining whether a matter is ripe for adjudication was set forth by the Supreme Court in *Nat'l Park Hospitality Ass'n v. Dept. of the Interior*, 538 U.S. 803, 808 (2003), as follows: (1) whether the issues are fit for judicial decision, and (2) the hardship of the parties of withholding court consideration.

The first prong focuses on whether the issues to be adjudicated are contingent on future events or on events that may never occur. *Simmonds v. Immigration & Naturalization Serv.*, 326 F.3d 351, 356-57 (2d Cir. 2003). In this case, there are a series of events that have yet to take place before the issues raised by Laurita require

adjudication. First, Olshan has not taken a distribution, and has agreed not to take any distribution unless the Court permits Olshan to do so. In addition, Laurita has yet to file a claim for indemnification for the legal fees he has incurred in this proceeding. These events are all in the future, and therefore the first prong is not satisfied.

The second prong focuses on the hardship the parties will face if the Court does not rule on the issues raised in the Motion. Because there is no imminent prospect of Olshan breaching its agreement, there will be no hardship to Laurita if no injunctive relief is granted. The *status quo* currently in place gives Laurita the same protections that injunctive relief would provide at this point, as no funds are about to distributed.

Because the Motion is denied due to lack of case or controversy, the Court shall not rule on whether Olshan's fees are subject to the supervision of the Court or whether the matter should be resolved by considering entry of a preliminary injunction. Signature's authority to pay post-effective date fees will not be addressed until, as the Court directed previously, Olshan files a fee application, the Responsible Person files detailed operating reports containing matter entries and other details traditionally included in fee applications, or a hearing is held directly on the issue of the Court's jurisdiction to review Olshan's fees for reasonableness.[2]

### *Conclusion*

The Motion does not present a case or controversy for the Court to decide, as the issues raised in the Motion are not ripe for adjudication.

---

[2] The Court will note that the Plan, which resulted in the Confirmation Order under which the Responsible Person claims an unfettered right to make payments in its sole discretion, was subject to § 1129(a)(4)'s confirmation requirement that a plan proponent certify that all fees related to the case will be subject to a reasonableness review by the court. Since Olshan, now counsel to the Responsible Person, was formally counsel to the Official Committee of Unsecured Creditors, who was a joint plan sponsor along with the debtor, they are assumed to be familiar with this requirement. *Matter of Cajun Elec. Power Co-op., Inc.*, 150 F.3d 503 (5th Cir. 1998) (discussing § 1129(a)(4)'s payment disclosure and review requirement).

Accordingly, the Motion is denied without prejudice. The Court shall enter an order consistent with this Memorandum Decision.

Dated: New York, New York
       August 4, 2016

By: /s/ Robert E. Grossman
Robert E. Grossman
United States Bankruptcy Judge